UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Jennifer Baker and Jean Greenberg, as representatives of a class of similarly situated persons, and on behalf of the Investment-Incentive Plan for John Hancock Employees,<br><br>Plaintiffs,<br>v.<br><br>John Hancock Life Insurance Company (U.S.A.), and the John Hancock US Benefits Committee,<br><br>Defendants. | Case No. 1:20-cv-10397-RGS<br><br>**DECLARATION OF KAI RICHTER IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

I, Kai Richter, hereby submit this Declaration in support of Plaintiffs' Motion for Final Approval of Class Action Settlement.

1. I am a partner at the law firm of Nichols Kaster, PLLP, and am one of the attorneys appointed by the Court to represent the Settlement Class in the above-captioned action. *See ECF No. 67 ¶ 5.*

2. For the reasons stated in my earlier Declaration in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (*ECF No. 64*), I believe that the Settlement is fair, reasonable, and adequate.

### Report of the Independent Fiduciary

3. Pursuant to Prohibited Transaction Exemption 2003-39 (PTE 2003-39)[1] and Paragraph 2.2 of the Settlement Agreement (*ECF No. 64-01*), an Independent Fiduciary (Newport Trust Company) reviewed the Settlement on behalf of the Investment-Incentive Plan for John Hancock Employees ("Plan"). As part of this review, the Independent Fiduciary personally discussed the Settlement with me (and separately with defense counsel) by telephone, and

---

[1] *See* 68 Fed. Reg. 75632, as amended, 75 Fed. Reg. 33830.

1

subsequently issued a letter after the review. A true and correct copy of the letter is attached hereto as **Exhibit A**. In the letter, the Independent Fiduciary stated that: "(i) the Settlement terms, the $14,000,000 Settlement amount and non-monetary relief provided for in the Settlement, and the amount of any attorneys' fee award or any other sums to be paid from the recovery, are reasonable in light of the Plan's likelihood of full recovery, the risks and costs of litigation, and the value of claims foregone; (ii) the scope of the release of claims is reasonable and is consistent with the release of other ERISA settlements we have reviewed in the past year; (iii) the terms and conditions of the transaction are no less favorable to the Plan than comparable arm's-length terms and conditions that would have been agreed to by unrelated parties under similar circumstances; and (iv) the transaction is not part of an agreement, arrangement, or understanding designed to benefit a party in interest." *Id. at 2-3*. Accordingly, the Independent Fiduciary "authorize[d] the Plan's participation in the Settlement" in accordance with Prohibited Transaction Exemption 2003-39 ("PTE 2003-39"). *Id. at 3*.

## Reaction of the Class to the Settlement

4.  The reaction of the Class to the Settlement also has been favorable overall. The period to timely object pursuant to the Preliminary Approval Ordered ended September 8, 2021. *See ECF No. 67 ¶ 6*. As of the date of this declaration, there have been no objections to the Settlement out of 14,453 Class Members who were sent a Notice of Settlement.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 15, 2021                /s/ *Kai H. Richter*
                                         Kai H. Richter

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2021, a true and correct copy of the foregoing *Declaration of Kai Richter in Support of Plaintiffs' Motion Final Approval of Class Action Settlement* was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Kai H. Richter
Kai H. Richter
