UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Jennifer Baker and Jean Greenberg, as representatives of a class of similarly situated persons, and on behalf of the Investment-Incentive Plan for John Hancock Employees,<br><br>Plaintiffs,<br><br>v.<br><br>John Hancock Life Insurance Company (U.S.A.) and the John Hancock US Benefits Committee,<br><br>Defendants. | Case No. 1:20-cv-10397-RGS |

## [PROPOSED] ORDER APPROVING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

This matter came before the Court on Plaintiffs' Motion for Final Approval of Class Action Settlement (*ECF No. 75*). The Court held a Fairness Hearing on September 29, 2021, after notice of the Fairness Hearing was given to the Class in accordance with this Court's Order Preliminarily Approving Class Action Settlement, Approving Procedure and Form of Notice, and Scheduling Final Approval Hearing (*ECF No. 67*) ("Preliminary Approval Order"). The Court has carefully considered all filings and comments submitted to it in connection with the Settlement Agreement and the Fairness Hearing, and hereby grants the Final Approval Motion ("Motion").

In connection with the Motion, the Court finds, orders, and adjudges as follows:

1. For purposes of this Final Approval Order, all capitalized terms used herein shall have the same meaning as ascribed to them in the Parties' Settlement Agreement executed on June 1, 2021 ("Settlement Agreement"),[1] unless otherwise defined herein.

---

[1] The Settlement Agreement appears on the Court's docket at ECF No. 64-1.

1

2.     This Court has jurisdiction over the subject matter of the Action and over the Parties and all members of the Class pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1).

3.     Certification of the following Class is affirmed under Rule 23(b)(1) of the Federal Rules of Civil Procedure:

> All participants and beneficiaries of the Investment-Incentive Plan for John Hancock Employees at any time between February 27, 2014 and June 2, 2021, excluding any members of the John Hancock US Benefits Committee or the John Hancock US Investment Subcommittee.

The Court finds that this Class meets all of the requirements of Rule 23(a) and 23(b)(1) for the reasons set forth in Plaintiffs' unopposed motion for class certification dated February 12, 2021 (*ECF No. 53*), which the Court granted on February 17, 2021 (*ECF No. 59*) and subsequently reaffirmed in its Preliminary Approval Order. The Court further finds that the Named Plaintiffs and Class Counsel are adequate to represent the Class, and have adequately represented the Class in connection with the Action and the Settlement.

4.     Notice of the Settlement was disseminated to members of the Class in accordance with the terms set forth in the Settlement Agreement and the Court's Preliminary Approval Order.

5.     The form and method of notifying Class Members of the terms and conditions of the Settlement Agreement fully satisfied the requirements of Federal Rule of Civil Procedure 23 and due process; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons entitled thereto of the terms and conditions of the Settlement Agreement and the right to object and appear at the Fairness Hearing. The Notice program provided individual notice to all members of the Class who could be identified through reasonable effort, and was supplemented by a Settlement Website and telephone support line.

6.     The notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, have also been satisfied.

7. There were no objections to the Settlement from any of the Parties, any members of the Class, or any other persons.

8. The Settlement Agreement was entered into in good faith and represents a fair, reasonable, and adequate settlement that is in the best interests of the Class Members. The Settlement Agreement is the product of arm's-length settlement negotiations between the Parties and their counsel, which were facilitated by an experienced mediator. The consideration provided by the Settlement is fair, reasonable, and adequate in light of the claims asserted in the action and the costs, risks, and delay of continued litigation. Further, the Settlement Agreement treats all Class Members equitably, and provides for a fair and efficient method of distribution. Accordingly, the Settlement Agreement is hereby fully and finally approved in all respects, and the Parties and the Settlement Administrator are hereby directed to effectuate its terms.

9. The Settlement was reviewed by an Independent Fiduciary, Newport Trust Company, which also has approved the Settlement and approved the release of claims therein.

10. The Court hereby dismisses with prejudice all of the Plaintiffs' Released Claims in the Action, whether asserted by the Named Plaintiffs on their own behalf, on behalf of the Class, or derivatively on behalf of the Plan, without costs to any of the Parties except as provided for in the Settlement Agreement and approved by the Court.

11. Upon the Settlement Effective Date, the Named Plaintiffs and every Class Member (on behalf of themselves, their heirs, executors, administrators, successors, and assigns) and the Plan shall unconditionally, finally, and forever release, relinquish and discharge the Released Parties from the Plaintiffs' Released Claims as provided for in the Settlement Agreement. Further, the Named Plaintiffs and each Class Member, and their respective heirs, executors, administrators, successors, and assigns, are hereby permanently barred and enjoined from asserting any of the

Plaintiffs' Released Claims against any of the Released Parties pursuant to the terms of the Settlement Agreement.

12. Neither this Order nor the Settlement Agreement shall constitute an admission by any Defendant or Released Party of any liability or wrongdoing.

13. The Court retains continuing and exclusive jurisdiction over the Parties and all Class Members to administer, construe, and enforce the Settlement Agreement in accordance with its terms for the mutual benefit of the Parties, without affecting the finality of this Final Approval Order.

**IT IS SO ORDERED.**

Dated: 9-30-21.

_____
Richard G. Stearns
United States District Judge